improperly rejected as a witness.  2. Because the justice rejected the release offered by the defendant to the witness.

*Simonds,* contra.

*Per Curiam.*  The witness was a mere agent or servant, and must be considered as a competent witness, from necessity.  A justice cannot act from his own previous knowledge of facts ; but they must be proved before him. [*]He must decide upon evidence produced in court. The justice ought not to have refused the release tendered by the defendant to the witness.  The judgment below must be reversed.

[* 190]

Judgment reversed.

## Bunn *against* Thomas and King, Administrators of Jeffery.

A writ tested the 12th May, 1806, and made returnable on the 17th May next, is a nullity, and cannot be amended.

MUMFORD, for the defendants, moved to set aside the writ and subsequent proceedings in this cause, for irregularity.  The writ was issued in May last, tested the 12th day of May, 1806, and returnable on the 17th day of May *next.*  The defendants indorsed their appearance.  It was contended that as the writ was returnable in May, 1807, it was absolutely void.

*Gold,* contra, prayed leave to amend the writ.

*Per Curiam.*  As a term and more intervened between the teste and return of the writ, it is a mere nullity.* The writ being absolutely void, the cause is out of court, and we cannot grant leave to amend in such a cause.†(a)

*3 Wil. 341.
Parsons v.
Lloyd. 2 Bl.
Rep. 845.
† 2 Ld. Ray.
775. Shirley
v. Wright.*

[a] Though this is the law in respect to *mesne process* by arrest in personal actions, yet a writ of *certiorari* may be amended, where by mistake a term intervenes between the test and return. Jackson v. Crane, 1 Cow. 38.